# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> vs. <br> CASEY BASTIAN, <br> Defendant. | Case No. CR08-1327 <br> ORDER FOR PRETRIAL DETENTION |

On the 30th day of October, 2008, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The government was represented by Assistant United States Attorney Mark A. Tremmel. The Defendant appeared personally and was represented by Attorney Rick Lee Sole.

## RELEVANT FACTS

On October 22, 2008, Defendant Casey Bastian was charged by Indictment (docket number 1) in three counts: sexual exploitation of children (Count 1), receipt of child pornography (Count 2), and possession of child pornography (Count 3). The Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on December 29, 2008.

Agent Travis Yarbrough of the Federal Bureau of Investigation ("FBI") testified regarding the facts underlying the charges. In March 2008, Agent Yarbrough received information from the Minneapolis Division and the Springfield Division that agents working undercover had received child pornography from Defendant's computer. The Minneapolis Division reported sexually explicit photographs of minors, while the Springfield Division reported two videos consistent with child pornography.

1

On April 16, 2008, a search was conducted of Defendant's home on Obeche Court in Dubuque, Iowa. Agents seized multiple computers, including a Sony laptop computer found under a sofa cushion in the basement. According to Agent Yarbrough, the laptop computer contained "at least a couple hundred" images of child pornography. The computers have been sent to the Omaha Division for analysis.

Some of the photographs were of Defendant's "ex-girlfriend and former babysitter," who was identified at the hearing as "A.V." One of the photographs showed A.V. lying down, nude, with semen on her stomach. Other photographs showed close-ups of A.V.'s genitalia. A.V. told Agent Yarbrough that the photographs were taken by Defendant during the summer of 2005, when A.V. was 17 years old.

According to the Pretrial Services Report, Defendant is 28 years old. While he has never been married, Defendant has two children, ages 8 and 6, from a relationship with Elissa Miller. Defendant apparently has legal custody of the children, although they are currently living with Defendant's mother pursuant to a guardianship.

Defendant is self-employed as a general contractor, with income of between $15,000 and $20,000 per year. Defendant reported to the Pretrial Services Officer that his house is in the process of being repossessed. Defendant has no history of medical or mental health problems. He denies the use of drugs and stated that "he may have an alcohol beverage once a month."

Defendant's criminal convictions are limited. In 1999, he was convicted in Jo Daviess County, Illinois, of criminal damage to property. In 2003, Defendant received a deferred judgment in Dubuque County, Iowa, for theft in the third degree. Defendant was also convicted and fined in Jo Daviess County in 2004 for making repeated threatening and harassing phone calls to Elissa Miller. In addition, however, Defendant was arrested on three separate occasions in 1999 and 2000 for "aggravated criminal sexual abuse" and "predatory criminal sexual assault of a child." According to Agent Yarbrough, the alleged victims in those cases ranged from age four to age twelve. (Defendant was apparently 19

or 20 years old at the time.) All of the charges were dismissed. Agent Yarbrough testified that one incident was investigated by authorities and was found not to be credible.

## CONCLUSIONS OF LAW

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, requires the Court to detain arrestees prior to trial in certain cases if the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." 481 U.S. at 755.

A finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the appearance of the person as required must be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition of combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including (a) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the person was on probation parole, or other pretrial release; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

3

If the Court finds there is probable cause to believe that the person committed an offense involving a minor victim, as enumerated in 18 U.S.C. § 3142(e), then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offenses identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo.1987). In a "presumption case," a defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Turning to the facts in the instant action, Defendant is charged with sexual exploitation of children, in violation of 18 U.S.C. §§ 2251(a) and (e), and receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1). Defendant concedes that the charges in Counts 1 and 2 of the Indictment establish a rebuttable presumption pursuant to 18 U.S.C. § 3142(e) that there is no condition or combination of conditions which will reasonably assure the appearance of the person as required and the safety of the community. Defendant argues that the presumption has been rebutted in this case by his lack of any convictions for sexually-related offenses. The Court disagrees.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if the Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court

concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (October 28, 2008) to the filing of this Ruling (October 30, 2008) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 30th day of October, 2008.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA