IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>CASEY BASTIAN,<br><br>    Defendant. | No. CR08-1327<br><br>REPORT AND RECOMMENDATION |

## TABLE OF CONTENTS

I.    *INTRODUCTION*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   *ISSUE PRESENTED*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.  *PRIOR PROCEEDINGS AND RELEVANT FACTS*. . . . . . . . . . . . . . . . . 2

IV.  *DISCUSSION*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    *A.*    *Was Defendant Pressured to Plead Guilty?*. . . . . . . . . . . . . . . . . . 8
    *B.*    *Is Defendant Permitted to Withdraw His Plea as a*
         *Matter of Right?*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

V.    *RECOMMENDATION*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## *I. INTRODUCTION*

On the 3rd day of March 2009, this matter came on for hearing on the Motion to Withdraw Plea (docket number 38) filed by the Defendant on February 17, 2009. The Government was represented by Assistant United States Attorney Sean R. Berry. Defendant Casey Bastian appeared personally and was represented by his attorney, Christopher A. Cooklin.

## II. ISSUE PRESENTED

On December 11, 2008, Defendant Casey Bastian appeared before the undersigned Magistrate Judge and entered a plea of guilty to Counts 1 and 2 of the Indictment. The District Court accepted Defendant's plea of guilty in an Order filed on December 31, 2008. Defendant now requests that he be permitted to withdraw his guilty plea.

## III. PRIOR PROCEEDINGS AND RELEVANT FACTS

On October 22, 2008, Defendant was charged by Indictment in three Counts: sexual exploitation of a child (Count 1), receipt of child pornography (Count 2), and possession of child pornography (Count 3). At his initial appearance on October 28, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on December 29, 2008.

Attorney Rick Sole, who represented Defendant until he was replaced by Mr. Cooklin, testified at the instant hearing. Mr. Sole has been an attorney for 30 years and was appointed by the Court to represent Defendant in this case. According to Mr. Sole, Defendant signed a written Plea Agreement on December 3, 2008.[1] Defendant agreed to plead guilty to Counts 1 and 2 of the Indictment. The Court was informed of the parties' agreement and a plea change hearing was scheduled on December 8, 2008 at 2:00 p.m.

Mr. Sole testified that the first proposed plea agreement was submitted on December 2, 2008. After some changes, the amended plea agreement was accepted and signed by Defendant on December 3. Mr. Sole reviewed the document paragraph-by-paragraph with Defendant before he signed it.[2] Mr. Sole denied the allegations made by

---

[1] The Plea Agreement, dated December 2, 2008, was received as Government's Exhibit 1 at the plea change hearing on December 11, 2008 and was docketed under seal. *See* docket number 25-2.

[2] At the plea change hearing, Defendant told the Court that Mr. Sole had reviewed the plea agreement with him before he signed it and that he had no questions about its
(continued...)

Defendant in his *pro se* motion, that he asked Defendant to sign the plea agreement "just in case" he decided to plead guilty on a later date. According to Mr. Sole, Defendant intended to plead guilty when the plea agreement was signed by him on December 3.

By the time the matter came on for a plea change hearing five days later, however, Defendant had changed his mind. On December 8, Defendant was brought to the courthouse for purposes of a plea change. Prior to the hearing, however, Defendant advised Mr. Sole that he did not wish to go forward with a plea change at that time. The Court made a record of Defendant's decision not to go forward.[3] Defendant told the Court that he had not been given "the time or the opportunity" with counsel to have his concerns addressed. The Court suggested that Defendant and his attorney take the opportunity to discuss the issues and address any questions which Defendant may have.

Later that afternoon, the Court was advised that Defendant had changed his mind and now wanted to go forward with a guilty plea. The prosecutor was called back to the courthouse for that purpose. By the time the hearing was scheduled to commence at 3:45 p.m., however, Defendant had changed his mind again and did not want to go forward. Another record was made.[4] At the second hearing, Mr. Sole reported that Defendant "has not necessarily decided not to enter a plea." Defendant wanted more time to consider and possibly hire "independent counsel," and asked that the plea change hearing be rescheduled on the last day when he would still be eligible for the third level

---

[2] (...continued)
terms. *See* Transcript of Plea Change Hearing (Government's Exhibit 1), 15:4-9.

[3] A transcript of the record made at 1:59 p.m. on December 8, 2008 was introduced at the instant hearing as Defendant's Exhibit A.

[4] A transcript of the record made at 3:46 p.m. on December 8, 2008 was provided to the Court by the court reporter at the Court's request.

off for acceptance of responsibility. A plea change hearing was scheduled for December 11, 2008.[5]

On December 11, Defendant appeared before the Court and said that he intended to proceed with a guilty plea.

> THE COURT: Now, Mr. Bastian, as I'm sure you recall, this hearing was scheduled previously, and you had some misgivings as to whether or not you wanted to proceed at that time. Is it your intention to enter a plea of guilty today?
>
> THE DEFENDANT: Yes.

*See* Transcript of Plea Change Hearing (Government's Exhibit 1), 3:9-14.

Later in the plea hearing, when the Court was asking Defendant questions to establish a factual basis, a break was taken so Defendant and counsel could confer. After a short recess, Defendant reaffirmed his decision to proceed with a guilty plea.

> THE COURT: Mr. Bastian, have you made a decision as to whether you want to go forward?
>
> THE DEFENDANT: Yes, I will. I had a question about it, and it's been clarified, yes.
>
> THE COURT: So you're wanting to go forward with your guilty plea at this time?
>
> THE DEFENDANT: Yes.

*See* Transcript of Plea Change Hearing (Government's Exhibit 1), 12:23-13:4.

When questioned by the Court at the plea change hearing, Defendant denied having been pressured to enter a guilty plea.

> THE COURT: Has anyone forced or pressured you to plead guilty or made any promises to you to get you to plead guilty, other than what's in the plea agreement?
>
> THE DEFENDANT: No.

---

[5] *See* Text Order (docket number 21).

*See* Transcript of Plea Change Hearing (Government's Exhibit 1), 25:19-23.

The Court determined that Defendant's plea "was voluntary, knowing, and not the result of any force, pressure, threats, or promises, other than the promises made by the government in the plea agreement." *See* Transcript of Plea Change Hearing (Government's Exhibit 1), 27:13-17. Defendant was advised that the Court would file a report and recommendation, recommending that Judge Reade accept Defendant's guilty plea; that the parties had ten days, not counting weekends and holidays, in which to file an objection to the recommendation; and that if no objection was made, Judge Reade could accept Defendant's guilty plea "by simply entering a written order doing so." *See* Transcript of Plea Change Hearing (Government's Exhibit 1), 27:20-28:5.

On December 15, four days after the plea change hearing, Mr. Sole and a presentence investigator from the probation office traveled to the Bremer County jail in order to conduct a presentence report interview. Defendant refused to leave his cell and be interviewed at that time.

On December 22, Mr. Sole received a call from Defendant's father. Mr. Sole testified that he spoke with Defendant's father on that date, but he could not recall the substance of the conversation.

On December 29, Defendant's mother called Mr. Sole over the noon hour and left a message on his answering machine, indicating that Defendant wished to withdraw his guilty plea. Mr. Sole did not return the call to Defendant's mother, but he prepared a motion to withdraw Defendant's guilty plea. For several reasons, however, Mr. Sole did not want to file the motion to withdraw guilty plea until he had an opportunity to speak with Defendant. According to Mr. Sole, he wanted to make sure that it was Defendant's wish to file the motion to withdraw guilty plea. Mr. Sole testified that he also wanted to discuss with Defendant the ramifications associated with filing a motion to withdraw. For example, by filing a motion to withdraw, Defendant may not receive a reduction for

5

acceptance of responsibility when calculating the adjusted offense level in the federal sentencing guidelines.

Mr. Sole called the jail on the afternoon of December 29 and left a message to have Defendant call him. Later in the afternoon, Mr. Sole called the jail again and asked if Defendant had received his earlier message. According to Mr. Sole, he was told by jail authorities that Defendant had received the message but did not want to call him. The presentence investigation interview was rescheduled for the following day, so Mr. Sole decided to wait and discuss the issue with Defendant at that time.

On December 30, a telephonic presentence investigation interview was conducted by a probation officer, with Mr. Sole participating. Mr. Sole testified that after the probation officer dropped off the line, he and Defendant discussed the message which Mr. Sole had received from Defendant's mother the previous day. According to Mr. Sole, Defendant told him that he did not want to withdraw his guilty plea. Mr. Sole testified that he "asked him that three or four times" in order to be sure, and there was "absolutely no question" that Defendant did not wish to file a motion to withdraw his guilty plea.

On December 31, Chief Judge Linda R. Reade filed an Order accepting the Magistrate Judge's recommendation and the Defendant's plea of guilty.

On January 5, 2009, Defendant's father called Mr. Sole and told him that Defendant wanted to withdraw his guilty plea. Mr. Sole responded that he would not file the motion and that if Defendant truly wanted to withdraw his guilty plea, then he would have to file the motion *pro se*.

In a letter to Chief Judge Linda R. Reade dated January 5, 2009, Defendant stated that in speaking with his attorney, Defendant "was extremely adamant in my desire to not sign a plea bargain." Defendant claimed that he was forced by his attorney to enter a guilty plea, stating "I was technically coerced by my own attorney into something that me or my entire family is not comfortable with." *See* letter from Casey Joseph Bastian to Judge Linda Reade (docket number 28) at 4. Defendant asked that he be permitted to

"rescind my plea & have my counsel replaced." The motion was referred by the District Court to the undersigned Magistrate Judge for a report and recommendation.

Defendant's *pro se* motion to withdraw his guilty plea and have new counsel appointed was set for hearing on January 28, 2009. Based on Defendant's allegations, the Court determined at the time of hearing that a new attorney should be appointed to represent Defendant. In addition, the Court ordered that if Defendant intended to pursue a withdrawal of his guilty plea, then the newly-appointed attorney must file a formal motion to withdraw guilty plea. *See* Order Appointing New Counsel and Rescheduling Hearing (docket number 33).

On January 29, 2009, attorney Christopher A. Cooklin appeared on Defendant's behalf. The instant motion to withdraw plea was filed on February 17, 2009. The District Court referred the motion to the undersigned Magistrate Judge for a report and recommendation.

## IV. DISCUSSION

Defendant requests that he be permitted to withdraw his guilty plea tendered before the undersigned Magistrate Judge on December 11, 2008, and accepted by the District Court in an Order filed on December 31, 2008.

Federal Rule of Criminal Procedure 11(d) provides in pertinent part:

> (d) Withdrawing a Guilty or Nolo Contendere Plea. A defendant may withdraw a plea of guilty or nolo contendere:
>
> . . .
>
> > (2) after the court accepts the plea, but before it imposes sentence if:
> >
> > . . .
> >
> > > (B) the defendant can show a fair and just reason for requesting the withdrawal.

FED. R. CRIM. P. 11(d)(2)(B). *See also* United *States v. Maxwell*, 498 F.3d 799, 800 (8th Cir. 2007) ("A defendant may withdraw a guilty plea after the court accepts the plea, and before sentencing if he demonstrates '"a fair and just reason" for the withdrawal.'") (quoting *United States v. Mugan*, 441 G.3d 622, 630 (8th Cir. 2006)). "The 'fair and just'

7

standard is a liberal one, but it does not create an automatic right to withdraw a plea." *United States v. Smith*, 422 F.3d 715, 723 (8th Cir. 2005) (citing *United States v. Wicker*, 80 F.3d 263, 266 (8th Cir. 1996)). "The defendant bears the burden of proving why one of the recognized justifications should permit a withdrawal of what he had solemnly made under oath." *Smith*, 422 F.3d at 723-24 (citing *United States v. Morales*, 120 F.3d 744, 747-48 (8th Cir. 1997)). "A guilty plea is a solemn act not to be set aside lightly." *United States v. Prior*, 107 F.3d 654, 657 (8th Cir. 1997) (citing *United States v. Morrison*, 967 F.2d 264, 268 (8th Cir. 1992)). In addition to considering the "fair and just reason" standard, a court may also consider (1) any assertions of legal innocence, (2) the amount of time between the guilty plea and the motion to withdraw, and (3) the prejudice to the government in granting the motion. *Maxwell*, 498 F.3d at 801 (citation omitted). The Court is not required to address the additional factors if the defendant fails to show a fair and just reason for withdrawing his or her plea. *Id.* (citing *United States v. Austin*, 413 F.3d 856, 857 (8th Cir. 2005)).

While his brief is somewhat imprecise, the "fair and just reason" asserted by Defendant in this case apparently has two prongs: First, Defendant asserts that he was pressured by his attorney to plead guilty on December 11. Second, Defendant claims that prior to his plea being accepted by the District Court, he told Mr. Sole that he wished to withdraw his plea.

### A. Was Defendant Pressured to Plead Guilty?

In order to be constitutionally valid, "a guilty plea must be knowing, voluntary, and intelligent." *United States v. Martinez-Cruz*, 186 F.3d 1102, 1104 (8th Cir. 1999). FEDERAL RULE OF CRIMINAL PROCEDURE 11 requires a court when taking a guilty plea to conduct a colloquy with the defendant to ensure that the district court only accepts a knowing, voluntary, and intelligent guilty plea. FED. R. CRIM. P. 11(b)(1), (2), (3) (requiring the court to advise the defendant of the rights he is giving up by pleading guilty,

8

question the defendant regarding the voluntariness of his decision to plead guilty, and determine that a factual basis exists for the plea).

Defendant concedes that the Court complied with the requirements of Rule 11(b)(1), advising him of his rights. Defendant argues, however, that he was pressured by his attorney to plead guilty. There is nothing in the record which supports Defendant's claim. The mere fact that Defendant changed his mind several times before ultimately pleading guilty does not support a finding that his plea was not knowing and voluntary.

Defendant initially signed the plea agreement on December 3. Mr. Sole testified that Defendant advised him at that time of his intent to plead guilty. Defendant changed his mind, however, prior to the first hearing scheduled on December 8. At the 2:00 p.m. hearing, Defendant told the Court that he did not want to go forward with a guilty plea. Later that afternoon, Defendant changed his mind again and the Court was advised the Defendant would plead guilty. Before the prosecutor returned to the courthouse and the hearing could begin at 3:45 p.m., Defendant changed his mind again and said he was not prepared to go forward with a guilty plea on that date. Defendant wanted to keep his options open, however, and asked that a plea change hearing be scheduled on the last day on which he would still qualify for a third-level off for acceptance of responsibility. Accordingly, a plea change hearing was scheduled on December 11. At the December 11 hearing, Defendant confirmed that it was his intention to proceed with a guilty plea. A break was taken during the hearing in order to give Defendant an opportunity to talk to his attorney, and he then reaffirmed his intention to go forward with his guilty plea.

Simply because Defendant's mind wavered before he decided to go forward with a guilty plea, does not establish that he was forced or pressured to plead guilty by his attorney. "All defendants in plea negotiations struggle with the issue of whether to plead guilty or to take their chances at trial." *United States v. Swick*, 262 F.3d 684, 686-87 (8th Cir. 2001). Defendant changed his mind several times before deciding to go forward with his guilty plea, and has now apparently changed his mind again. "Belated misgivings"

about the wisdom of a guilty plea will not, however, support a motion to withdraw the guilty plea. *United States v. Gamble*, 327 F.3d at 662, 665 (8th Cir. 2003) ("the mere fact that [the defendant] later changed his mind is not among the fair and just reasons that Rule 32(e) contemplates for allowing a defendant to withdraw a plea"); *United States v. Gottlieb*, 849 F.2d 359, 360 (8th Cir. 1988).

When asked by the Court at the plea change hearing whether anyone had forced or pressured him to plead guilty, Defendant denied any such force or pressure.[6] On two prior occasions, Defendant told the Court that he did not want to go forward with his guilty plea. Accordingly, it is clear that Defendant understood that he could refuse to proceed if he chose to do so. Nonetheless, after discussing all of the matters set out in Rule 11, Defendant confirmed that it was his intention to enter pleas of guilty to Counts 1 and 2, and then formally entered those pleas.[7] "When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, 'the occasion for setting aside a guilty plea should seldom arise.'" *United States v. Morrison*, 967 F.2d 264, 268 (8th Cir. 1992) (quoting *United States v. Rawlins*, 440 F.2d 1043, 1046 (8th Cir. 1971)).

The Court concludes that Defendant has failed to establish a "fair and just reason" for being permitted to withdraw his guilty plea. *Gamble*, 327 F.3d at 665 (rejecting the defendant's claim that he was coerced into accepting a plea bargain). *See also United States v. Abdullah*, 947 F.2d 306, 312 (8th Cir. 1991) (finding that the defendant's failure to object at the plea change hearing refuted his claim that "his attorney pressured him into pleading guilty"). Accordingly, Defendant has not met the standard set forth in Rule 11(d)(2)(B) and the Court is not required to consider the additional factors identified in *Maxwell*, 498 F.3d at 801. The Court notes parenthetically, however, that Defendant

---

[6] *See* Transcript of Plea Change Hearing (Government's Exhibit 1), 25:19-23.

[7] *See* Transcript of Plea Change Hearing (Government's Exhibit 1), 26:18-27:4.

makes no claim of actual innocence. Here, Defendant admitted the elements of the offense in his plea agreement and again, under oath, at the plea hearing. In his instant motion to withdraw his guilty plea, Defendant does not disavow those admissions.

### B. *Is Defendant Permitted to Withdraw His Plea as a Matter of Right?*

While it is not entirely clear from his brief, Defendant apparently argues that he is entitled to withdraw his guilty plea as a matter of right because his attorney failed to act on his instructions in that regard.

Following the guilty plea hearing, Mr. Sole was told by Defendant's mother that Defendant had changed his mind again and wanted to withdraw his guilty plea. When Mr. Sole attempted to confirm that report, however, he was told by Defendant that he did not want to withdraw his guilty plea. At the instant hearing, Mr. Sole testified unequivocally that he asked Defendant "three or four times" on December 30 whether he wanted to withdraw his guilty plea and there was "absolutely no question" that Defendant did not wish to file a motion to withdraw his guilty plea.

FEDERAL RULE OF CRIMINAL PROCEDURE 11(d)(1) permits a defendant to withdraw a plea of guilty "before the court accepts the plea, for any reason or no reason." Accordingly, Defendant could have withdrawn his guilty plea as a matter of right prior to Chief Judge Reade accepting his guilty plea on December 31, 2008. *United States v. Head*, 340 F.3d 628, 629 (8th Cir. 2003) (holding that the court has no discretion to deny a motion to withdraw a guilty plea filed prior to the court's acceptance of the plea).

Defendant's argument fails in this regard, however, for a simple reason. Defendant did *not* file a motion for leave to withdraw prior to the Court's acceptance of his guilty plea and there is no evidence that he instructed his attorney to do so. Mr. Sole testified under oath that he asked Defendant "three or four times" on December 30 whether he wanted to withdraw his guilty plea and there was "absolutely no question" that Defendant did not wish to file a motion to withdraw his guilty plea. The Court finds Mr. Sole to be credible in this regard. Defendant equivocated a number of times regarding whether he

wished to plead guilty and it is not surprising that he told Mr. Sole not to file the motion on December 30, while subsequently filing a motion to withdraw *pro se* on January 5.

## V. RECOMMENDATION

For the reasons set forth above, I respectfully recommend that the District Court deny the Motion to Withdraw Plea (docket number 38) filed by the Defendant on February 17, 2009.

The parties are advised, pursuant to 28 U.S.C. § 636(b)(1), that within ten (10) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections with the district court. *Defendant is reminded that pursuant to Local Rule 72.1, "[a] party asserting such objections must arrange promptly for a transcription of all portions of the record the district court judge will need to rule on the objections." Accordingly, if Defendant is going to object to this Report and Recommendation, he must promptly order a transcript of the hearing held on March 3, 2009.*

DATED this 24th day of March, 2009.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA