**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | No. CR08-1327-LRR |
| vs. | | |
| CASEY BASTIAN, | | ORDER |
| Defendant. | | |

The matter before the court is the March 24, 2009 report and recommendation (docket no. 50) of United States Magistrate Judge Jon S. Scoles.[1]  Under 28 U.S.C. § 636(b), Judge Scoles recommended that the defendant's motion to withdraw plea (docket no. 38) be denied.  On April 7, 2009, the defendant filed objections (docket no. 51) to the report and recommendation regarding the motion to withdraw plea.  On April 10, 2009, the government filed a response (docket no. 54).

When a party properly objects to a magistrate judge's report and recommendation, the court must conduct a de novo determination of the portions of the report, findings or

---

[1] "A district judge may refer to a magistrate judge for recommendation . . . any matter that may dispose of a charge or defense."  Fed. R. Crim. P. 59(b)(1).  "The magistrate judge must promptly conduct the required proceedings."  *Id.*  "The magistrate judge must enter on the record a recommendation for disposing of the matter, including any proposed findings of fact."  *Id.*  "Within 10 days after being served with a copy of the recommended disposition, . . . a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Crim. P. 59(b)(2).  "Failure to object . . . waives a party's right to review."  *Id.*; *see, e.g., United States v. Flores*, 257 F. App'x. 164, 165-66 (11th Cir. 2007) (per curiam)  (explaining that a failure to object waives a constitutional claim).

recommendations to which objection is made. 28 U.S.C. § 636(b)(1); *see also United States v. Uscanga-Ramirez*, 475 F.3d 1024, 1027 (8th Cir. 2007) (stating that de novo review is required); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (citing 28 U.S.C. § 636(b)(1)); Fed. R. Crim. P. 59(b)(3) (stating that "[t]he district judge must consider de novo any objection to the magistrate judge's recommendation"). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). The court "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).

The court considered the entire record, which includes but is not limited to the defendant's January 12, 2009 pro se motion (docket no. 28), the government's January 22, 2009 resistance (docket no. 31), the defendant's February 17, 2009 motion to withdraw plea, the government's February 26, 2009 resistance (docket no. 42), the transcript of the change of plea hearing held on December 8, 2008 (docket no. 44), the transcript of the March 3, 2009 substitute counsel hearing held on January 28, 2009 (docket no. 45), the transcript of the withdrawal of plea hearing held on March 3, 2009 (docket no. 52), the report and recommendation, the defendant's objections, the government's response and the plea agreement between the parties. Having conducted the required de novo review of the objected to portions of the report and recommendation, the court deems it appropriate to overrule the defendant's objections. None of the defendant's statements, including the statement that withdrawal by permission is appropriate because the totality of the circumstances calls into question whether he knowingly and voluntarily entered a guilty plea and the statement that withdrawal as a matter of right is appropriate because he attempted to withdraw his guilty plea within the 10 day period, undermine the conclusion that relief is not warranted under Federal Rule of Criminal Procedure 11(d). Under Federal Rule of Criminal Procedure 11(d)(1), the defendant had from December 11, 2008

to December 31, 2008 to withdraw his guilty plea.[2]  The defendant notified the court of his intention to withdraw his guilty plea on January 5, 2008.  Such notice is not timely.  *See United States v. Gamble*, 327 F.3d 662, 663 n.3 (8th Cir. 2003) (noting that Federal Rule of Criminal Procedure 11(d)(1) does not apply after a district court accepts a plea); *see also United States v. Arami*, 536 F.3d 479, 482-83 (5th Cir. 2008) (explaining difference between Federal Rule of Criminal Procedure 11(d)(1) and Federal Rule of Criminal Procedure 11(d)(2)(B)).  Concerning Federal Rule of Criminal Procedure 11(d)(2)(B), the defendant fails to show a fair and just reason for withdrawing his plea and the additional factors do not weigh in favor of permitting him to withdraw his plea.  *See United States v. Maxwell*, 498 F.3d 799, 800 (8th Cir. 2007) (setting forth applicable standard); *United States v. Smith*, 422 F.3d 715, 723 (8th Cir. 2005) (same); *United States v. Austin*, 413 F.3d 856, 857 (8th Cir. 2005) (same).  The record makes clear that the defendant knew how to apprise the court or his attorney about his concerns, including misgivings about counsel's assistance, and knowingly and voluntarily elected to enter a guilty plea.  *Cf. United States v. Fadl*, 498 F.3d 862, 865 (8th Cir. 2007); *United States v. Mugan*, 441 F.3d 622, 630-31 (8th Cir. 2006).  In sum, the report and recommendation contains a very thorough and cogent analysis of the facts and applicable law.  The court concludes that Judge Scoles' recommended disposition of the motion to withdraw plea should be upheld or affirmed, as it is fully supported by the factual record and controlling legal authorities.


**IT IS THEREFORE ORDERED**:

1) The defendant's objections (docket no. 51) are **OVERRULED**;

2) The report and recommendation (docket no. 50) is **ADOPTED**; and

---

[2] The 10 day period for filing an objection to the report and recommendation pertaining to the defendant's guilty plea ended on December 26, 2008.

3) The defendant's motion to suppress (docket no. 38) is **DENIED**.

**DATED** this 6th day of May, 2009.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA